

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-78,059-01

### EX PARTE JUAN CARLOS GARCIA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W97-31461-S(A) IN THE 282ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child. The conviction was affirmed on direct appeal. *Garcia v. State*, No. 05-97-01064-CR (Tex. App.—Dallas del. May 19, 1999).

Applicant alleges that his guilty plea was involuntary, citing to *Padilla v. Kentucky*, 559 U.S. 356 (2010). Because the holding in *Padilla* is not retroactive, Applicant's involuntary plea claim is denied. *See Chaidez v. United States*, 132 S.Ct. 2101 (2012); *Ex parte De Los Reyes*, 392 S.W.3d 675 (Tex. Crim. App. 2013). Applicant also alleges ineffective assistance of trial counsel for failing

to call the complainant's father to give mitigating testimony at punishment. The trial court finds, with the State's agreement, that the father would have given favorable testimony and that, had he testified, "[T]here is a reasonable probability that the court would have assessed punishment at less than 30 years." The findings and recommendation are supported by the record.

Relief is therefore granted. The sentence in Cause No. F-9731461-QS in the 282nd Judicial District Court of Dallas County is vacated, and Applicant is remanded to the custody of the sheriff of Dallas County for a new punishment hearing. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered:     June 5, 2013
Do not publish